## E. R. CHOWNING v. THE STATE.

### No. 1652. Decided June 21, 1899.

**1. Theft of Cattle—Bill of Sale.**

The fact that a bill of sale for the alleged stolen animal which, though executed by defendant, was not acknowledge by him and recorded, does not render it inadmissible as evidence against him. There is no law which requires a bill of sale to be acknowledge and recorded.

**2. Same—Variance.**

The fact that a bill of sale, executed by defendant for a stolen animal, gives a different description of the brand on the animal from that of the true owner, would simply go to the weight of proof that the bill of sale would carry with it, and not to its admissibility.

**3. Brands as Evidence—Charge.**

A brand recorded after the theft of the animal carrying said brand affords no proof of ownership, but is only a circumstance to be shown with others to identify the stolen animal, and should be so limited by the charge of the court.

**4. Unrecorded Brands—Charge.**

While an unrecorded brand can not be used as evidence of ownership (Revised Statutes, article 4930), still it may be proved in order to identify an animal; but the jury should be limited in its consideration to this proposition, and it is error to permit the same to be used as proof of ownership.

**5. Requested Instructions.**

A requested instruction is properly refused where there is no evidence to support it.

**6. Same.**

On a trial for theft of one head of cattle, where a bill of sale of said animal executed by defendant to one G. had been introduced in evidence, and defendant requested the court to instruct the jury, in effect, that if at the date of the bill of sale the animal was on the range, then no title passed to G., and defendant would not be liable, Held, properly refused by the court, as such was not the law.

**7. Evidence—Written Contract—Hearsay.**

If a contract between a partnership and a third party is in writing, the writing is the best evidence of the contract. Testimony of one partner as to the terms of such contract, based solely upon information derived from his copartner, who had executed it, and not derived from an examination of the contract itself, is hearsay and inadmissible.

**8. Unrecorded Brand—Charge Limiting.**

On a trial for theft where a witness was permitted to testify that he knew that the alleged owner had run a certain unrecorded brand for nineteen years on the left side for a cattle brand, it was error for the court to fail or omit to limit the effect of this testimony to the identification of the animal.

**9. Same—General and Special Ownership.**

If an unrecorded brand is no evidence of ownership in the actual owner, it can not be evidence that a special owner has the management and control or possession of the animal.

APPEAL from the District Court of Wilbarger. Tried below before Hon. G. A. BROWN.

Appeal from a conviction of theft of one head of cattle; penalty, two years imprisonment in the penitentiary.

*F. C. Beckett* and *F. P. McGhee,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of the theft of one head of cattle, and his punishment assessed at confinement in the penitentiary for a term of two years.

The first bill of exceptions complains of the action of the court permitting the witness L. Glidden to prove the execution and delivery to himself of a bill of sale by defendant, on the ground that said bill of sale was not acknowledged or recorded, and because the brand on the bill of sale, to wit, qq, is not the same brand as the proof shows was on the cattle of P. M. Burnett, which was **9999**. We know of no law that requires a bill of sale to be acknowledged or recorded before the witness would be allowed to testify to the execution of said bill of sale by appellant, where appellant is being prosecuted for the theft of the animal for which the bill of sale was made. Appellant's second objection to the bill of sale is not tenable, because said objection, if a fact, would simply go to the weight of proof that the bill of sale would carry with it, and not to its admissibility.

Appellant's second bill of exceptions complains of the failure of the court to charge the jury that if they believed from the evidence that, before he butchered the steer, the witness Glidden knew, or had reason to know, that the steer described in the bill of sale from defendant to him was not in fact the steer belonging to Jack Probasco, then said witness is an accomplice, "and his evidence must be corroborated by other evidence before you can find defendant guilty." We do not think the court erred in failing to give this charge, because we do not think the evidence raises that issue.

Appellant's third bill complains of the failure of the court to submit the good faith with which L. Glidden bought the steer as an issue to the jury. We do not think there was any error in this.

His fourth bill of exceptions is as follows: "It had been shown that no one knew the steer, alleged to have been stolen by defendant, to belong to P. M. Burnett by the flesh marks of said steer, and the State offered in evidence what purported to be the recorded brand of P. M. Burnett from records of county clerk of Knox County, Texas, showing P. M. Burnett's brand to be **9999** on left side; but the certificate of said brand thus offered in evidence did not show when this brand had first been put of record,—whether before or after the alleged theft in this case. Defendant objected to the introduction of this record of brand for any purpose, because it did not appear when same had been recorded. The court overruled said objection, and admitted said brand in evidence to the jury, and same was read in evidence to the jury as evidence of ownership,"—to which defendant excepted. The last statement of the law on this subject by us was in Turner v. State, 40 Texas Criminal Reports, 322. We there held that "a brand recorded after the theft of an animal claimed to have been marked with it affords no proof of ownership, but may be shown as a circumstance,

with others, to identify the animal stolen, and the jury should be limited in its consideration to this proposition. A brand recorded before the theft of an animal claimed to have been marked with it affords proof of ownership." This same principle of law is asserted in Lockwood v. State (Texas Criminal Appeals), 26 Southwestern Reporter, 200; Horn v. State, 30 Texas Criminal Appeals, 541; and also see Revised Statutes, 1895, article 4930. If the case of Tittle v. State, 30 Texas Criminal Appeals, 597, conflicts with this proposition, the same is hereby overruled to whatever extent the same does conflict.

Now, reverting to the bill of exceptions above quoted, we think the court erred in permitting the introduction of said testimony without limiting the effect of said testimony to the issue of identity of the animal; the certificate of registration showing that the brand had not been recorded at the time of the theft of the animal. Article 4930, Revised Statutes, reads: "No brands, except such as are recorded by the officers named in this chapter, shall be recognized in law as any evidence of ownership of the cattle, horses or mules, upon which the same may be used." We hold that while the brand can not be used, if unrecorded, as indicated by said statute, as any evidence of ownership of the cattle, still the brand, though unrecorded, may be proved in order to identify the animal stolen, and the jury should be limited in its consideration to this proposition. This bill of exceptions is especially well taken, when we consider the charge of the court, as follows: "As to the proof of the ownership of the cattle in question in this case, you are instructed that the certified copy of the brand introduced as that of P. M. Burnett is not sufficient, within itself, to prove ownership of said cattle as alleged in the indictment, in that said copy fails to show said brand had been properly recorded prior to the alleged theft of said cattle, but said copy and evidence may be considered by the jury, in connection with all other evidence before you, in determining whether the said P. M. Burnett was the actual owner, or had actual control, care, and management, of the cattle described in the indictment, at the time of the taking of said cattle, if it was done." This charge violates the article of the Revised Statutes above quoted. Said article (4930) states that, unless the brand is recorded, a certified copy of the same shall not be any evidence of ownership. But we hold that it can be looked to, however, for the purpose of identifying the animal, but not for the purpose of proving the owner of the animal. The evidence in this case perhaps would have supported the verdict on the question of ownership without the introduction of this unrecorded brand. But the court's charge is erroneous. McWilliams v. State, 44 Texas, 117; Saddler v. State, 20 Texas Crim. App., 195. The court should have limited the effect of said brand to the question of identity of the animal, and not permitted the same, as indicated in the charge, to be used as proof of ownership. The court also erred in giving the charge above quoted.

Appellant's fifth assignment complains of the action of the court

refusing to give a charge to the jury that the evidence tended to show that J. R. Sumner was bailee of Spears & Watkins with respect to possession of steers bought by said Spears & Watkins of P. M. Burnett, and that the possession of Sumner is in law the possession of Spears & Watkins as to such steers. We do not think the evidence raised this issue.

Appellant's sixth bill complains of the court's refusal to charge that if they believed that at the date of the bill of sale of the steer defendant is charged with stealing in the indictment, said steer was on the range, then no title passed to Glidden to said steer, though defendant might have had full authority to steal said steer. This is not the law.

Appellant's eleventh bill complains of the action of the court permitting the witness J. T. Spears to testify that he and his partner, Watkins, put some steers in the pasture of J. R. Sumner, in Hardeman County, known as the "Brice pasture;" that they put in 528 head of steers brought from Knox County, and bought of P. M. Burnett, and branded **9999** on the left side; that the same were put in said pasture in April, 1898, and stayed there for a few days to get water, and they aimed to get them all out of this pasture; that his partner took the cattle out of the pasture, and said he got all of them. The State asked this witness, if any of these **9999** steers got out of this pasture on the range again, if the firm of Spears & Watkins could assert any ownership, or exercise any control, management, or care, as to such cattle on the range; to which witness said they could not, as such cattle could not be distinguished from other **9999** cattle on the range, and that P. M. Burnett had the exclusive control, care, and management of such cattle, if any escaped from the pasture. Witness was asked by defendant if he made the purchase in person, and answered that his partner, Watkins, did the buying, but that witness paid for the steers. He also stated that he was told by his partner that he and P. M. Burnett had a contract under which this purchase was made, but he did not know whether it was in writing or not. To this defendant objected, on the ground that the terms of the contract were the best evidence, and the witness stated to the jury that, if the steer got out on the range again, Spears & Watkins would exercise no control, management, or care of the same; that no tally brand was placed on the cattle bought by witness' firm; and that P. M. Burnett had the care, control, and management of all cattle on the range in the **9999** brand, and that witness' firm asserted no claim to them. Defendant objected to all this as hearsay, and that the contract itself was the best evidence as to the rights of Spears & Watkins and P. M. Burnett with respect to the title to this steer, if any had escaped from Spears & Watkins. If the contract between Spears & Watkins on one side and Burnett on the other was in writing, as contended by appellant, the contract itself would be the best evidence of the terms of said sale; and if the witness Spears is attempting in this bill of exceptions to testify to facts told him by his partner, Watkins, we see no reason

why this should not be hearsay, and therefore inadmissible.  But if the witness Spears knows the contract of purchase between his partner and P. M. Burnett from actual knowledge, and not hearsay, he would be, of course, permitted to tell what that was, provided the contract of sale was lost or had never been in writing.  And if he knows, as a matter of fact, that, if there were any of the **9999** cattle loose upon the range, those cattle were not Spears & Watkins', but were the cattle of P. M. Burnett, he can testify to that effect, but he has no right to give an opinion or to tell what other people told him.  We therefore think the court erred in permitting this testimony to be introduced. 1 Greenl. on Ev., secs. 112-124; Rice on Ev., 371.

We also think the court erred in permitting the witness T. W. Roberts to testify that he knew the cattle brand of P. M. Burnett, and that he knew P. M. Burnett had run the **9999** brand on the left side for a cattle brand for the last nineteen years, because the court did not limit the effect of this testimony to the identification of the animal.  Certainly, if the witness Roberts knew that P. M. Burnett had exclusive control, care, and management of all cattle on the range in said **9999** brand, he could testify to that fact.

In conclusion, we will state that we have read the able brief of special counsel for the State with great interest, and note the ingenious argument he makes on the admissibility of the brand on the issue of the possession of the animal, although the statute inhibits its use, when unrecorded, to prove ownership.  This contention, we take it, is amply answered in the case of McKenzie v. State, 32 Texas Criminal Reports, 568; wherein we held that, if the unrecorded brand is no evidence that the actual owner owns the animal, it can not be evidence that the special owner has the management and control of the animal or possession thereof.  For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*